IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Aerotek, Inc., | : | |
| | : | Case No. 2:25-cv-00336 |
| Plaintiff, | : | |
| | : | Judge Graham |
| v. | : | |
| | : | |
| City Electric Service, Inc., | : | Magistrate Judge Deavers |
| | : | |
| Defendant. | : | |

## OPINION & ORDER

This matter is before the Court upon Plaintiff's second motion for default judgment. Doc. 12.

The Clerk filed an entry of default on June 12, 2025. Doc. 8. Thereafter, Plaintiff, Aerotek, Inc. ("Aerotek"), filed its first motion for default judgment. Doc. 10. The Court denied the first motion, without prejudice, and ordered Aerotek to file a new motion curing certain deficiencies within 30 days. Specifically, the Court noted that Aerotek argued its first motion for default under Ohio law, though the contract between the parties clearly stated that "[t]he laws of the State of Maryland shall govern the validity and construction of this Agreement" and any dispute arising out the same. *See* doc. 11; doc. 1-1, # 13.

Aerotek has cured its prior deficiencies by arguing its second motion under Maryland law, pursuant to the contract. Doc. 11. Unfortunately, a new deficiency has taken its place. In this contract-based dispute, Aerotek seeks a judgment for actual damages under the contract, prejudgment interest accruing at 6% per year, attorney

[1]

fees and costs, and postjudgment interest at the federal statutory rate on the entire judgment awarded. Doc. 10, # 34. The choice of applicable state law is specifically relevant to the determination of prejudgment interest. *See City of Milwaukee v. Cement Div., Nat. Gypsum Co.*, 515 U.S. 189, 194 (1995) (no federal statute regarding prejudgment interest); *and F.D.I.C. v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000) (state law governs award of prejudgment interest in diversity cases). For example, in its first motion, citing Ohio law, Aerotek sought prejudgment interest at a rate of 8% per annum, while its second motion, under Maryland law, identified 6% as the applicable rate set by statute.

However, Maryland case law provides that "[w]hen the parties have agreed on a rate of interest, that agreement should be honored." *Wickersham Constr. & Eng'g, Inc. v. Town of Sudlersville, Maryland*, No. CV CCB-16-4087, 2020 WL 5642106, at *15 (D. Md. Sept. 22, 2020) (citing *Noyes Air Conditioning Contractors, Inc. v. Wilson Towers Ltd. P'ship*, 122 Md. App. 283, 294 (1998)). Aerotek acknowledges this, but states that it is entitled to the standard Maryland rate because "neither [the contract] nor a statute provide a different rate of interest." Doc. 12, # 111.

The Court reads the contract differently. Under section 5 ("Payment Default"), the contract provides that "Invoices that are more than seven (7) days past due are subject to a late charge of one percent (1%) per month on the amount of the past due balance." Doc. 1-1, # 9. Aerotek quotes this exact sentence in its complaint. Doc. 1, # 3. But the next sentence of the contract states that "[l]ate charges shall be calculated

[2]

using the U.S. Method, **therefore interest will not be compounded on the past due balance**." Doc. 1-1, # 9 (emphasis supplied).

Therefore, it appears that the parties have agreed that the contractual late charge (1% per month on the amount of past due balance (doc. 1-1, # 10)) applies in lieu of prejudgment interest. Because Aerotek's motion again rests on a mistaken premise, the Court **DENIES** the motion, without prejudice, to allow Aerotek one further opportunity to amend its motion to comport with the materials upon which it is based. Aerotek is **ORDERED** to file its amended motion no later than Monday, November 24, 2025.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: November 14, 2025

[3]