IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Aerotek, Inc., | : | |
| | : | Case No. 2:25-cv-00336 |
| Plaintiff, | : | |
| v. | : | Judge Graham |
| | : | |
| City Electric Service, Inc., | : | Magistrate Judge Deavers |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter is before the Court upon Plaintiff's third motion for default judgment. Doc. 13. The Clerk filed an entry of default on June 12, 2025. Doc. 8. In this contract-based dispute, Aerotek seeks a judgment for actual damages under the contract, attorney fees and costs, and postjudgment interest at the federal statutory rate on the entire judgment awarded. Doc. 14, # 176.

In examining a motion for default judgment under Fed. R. Civ. P. 55(b)(2), the Court accepts plaintiff's well-pled allegations as to a defendant's liability as true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). The court reviews "the pleadings as a whole to determine whether a sufficient basis exists entitling Plaintiff to judgment pursuant to Rule 55(b)." *United States v. Allen*, No. 2:12-CV-1034, 2014 WL 5305518, at *2 (S.D. Ohio Oct. 15, 2014) (quoting *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)) (internal quotations omitted).

According to the complaint, Aerotek provides recruitment and staffing services to other businesses, such as Defendant City Electric Service, Inc. ("City Electric").

[1]

Doc. 1, ¶ 8. Aerotek and City Electric entered into a contract (attached to the complaint as doc. 1-1) pursuant to which City Electric was to pay Aerotek in consideration for "services rendered by contract employees." *Id.* at ¶¶ 9-11. Additionally, the contract provided for a late charge of 1% per month on the amount of the past due balance, and that City Electric would pay all of Aerotek's expenses incurred for collecting any defaulted payments, including reasonable attorney fees. Doc. 1, ¶ 17; doc. 1-1, # 10. The contract further provided that Maryland law applied as to any disputes arising from the contract. City Electric did not pay for certain services provided between August 2024 and November 2024. *Id.* at ¶ 18. The Court finds that the foregoing allegations establish a sufficient basis entitling Aerotek to judgment pursuant to Rule 55(b).

The Court may enter an award without a hearing when a plaintiff's claim is "for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). Aerotek has submitted documentation supporting the amounts for which City Electric is liable and have also submitted documentation supporting the amount of attorney fees and court costs. *See* docs. 12-1 through 12-5. Therefore, the amounts owed under the contract (including late fees) are thoroughly documented, totaling $202,985.31 in actual damages. The Court finds this claim to be for a "sum certain." Fed. R. Civ. P. 55(b)(1).

Aerotek also seeks attorney fees and costs in the amount of $19,317. As noted, the contract between the parties entitles Aerotek to "court costs and reasonable attorney fees." Doc. 1-1, # 10. Aerotek has established court costs in the amount of

[2]

$405 for the filing fee and $190 for the process server. Doc. 14-5. And Aerotek has submitted billing records and a supporting affidavit showing $18,722.00 of attorney fees billed in this matter. Doc. 14-3; doc. 14-4.

Under Maryland law, when determining the reasonableness of attorney fees, courts are directed to consider factors set forth in Rule 1.5(a) of the Maryland Lawyers' Rules of Professional Conduct. *Monmouth Meadows Homeowners Ass'n., Inc. v. Hamilton*, 416 Md. 325, 336-37, 7 A.3d 1, 8 (2010). However, a court need not make explicit findings as to the listed factors, nor even mention Rule 1.5, "as long as it utilizes the rule as its guiding principle in determining reasonableness." *Id*. at 340, n.13. Nevertheless, the rule sets out the following factors to be considered:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment of the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

*Id*. at 336, n.10 (quoting Md. Lawyers' R. Prof'l Conduct 1.5(a)).

Based on the factors above, and Aerotek's supporting materials, the Court is satisfied that the amount of attorney fees requested is reasonable. Though this case

involved simple legal issues—an uncontested breach of contract suit based on unpaid invoices—the billing records reveal efforts from counsel to collect the amounts owed before commencing litigation. Overall, counsel for Aerotek expended 34.1 hours in this matter at an average billing rate of $549.03/hr. *See* doc. 14-3. Aerotek did not submit materials which would permit the Court to consider how the billing rates compare with those in the same locality for similar legal services. However, the Court is nevertheless satisfied that the requested attorney fees are reasonable in light of the results obtained and the experience and ability of Aerotek's counsel.[1] Therefore, the Court concludes that the requested award of attorney fees and costs is appropriate and hereby grants the same.

## CONCLUSION

The Court finds, upon the materials before it, that Aerotek is entitled to judgment in the amount of $202,985.31 in contractual damages. Additionally, the Court finds that Plaintiff is entitled to an award of court costs and litigation fees in the amount of $595.00, and an award of attorney fees in the amount of $18,722.00. Accordingly, the Court **GRANTS** Aerotek's motion for default judgment. Doc. 14.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: December 19, 2025

---

[1] The Court notes that Aerotek has (appropriately) refrained from seeking to recover any attorney fees incurred by time spent curing the deficiencies which the Court identified in Aerotek's two (2) previous motions for default judgment. *See* docs. 10, 11, 12, and 13.